UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------- X

MUKTHA BAGUM, individually and on behalf of all others   :
similarly situated,   :  **Case No. 17 Civ. 769**

         :

            Plaintiff,   :  **COLLECTIVE ACTION**

   - against -   :  **COMPLAINT**

         :

SHAHEEN CAFE, INC. d/b/a SHAHEEN RESTAURANT,   :
ZISHAN HAMID a/k/a SHAHEEN HAMID, an individual,   :
and OMAR ZIA, an individual,   :

            Defendants.   :

-------------------------------------------------------------------------- X

      Plaintiff Muktha Bagum, on behalf of herself and all others similarly situated, by and through her attorneys Shulman Kessler LLP and the Urban Justice Center, complaining of Shaheen Cafe, Inc. d/b/a Shaheen Restaurant ("Shaheen Restaurant"), Zishan Hamid a/k/a Shaheen Hamid, an individual, and Omar Zia, an individual, (collectively "Defendants") alleges as follows as for her Complaint:

### INTRODUCTION

      1.    Plaintiff Muktha Bagum brings this action to recover unpaid minimum wage and overtime compensation for herself and her similarly situated coworkers, based upon Defendants' violations of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. § 201, *et seq.*, and corresponding rules and regulations.

      2.    Through this action, Plaintiff Muktha Bagum also seeks to recover, individually, unpaid minimum wage and overtime compensation, unpaid spread of hours compensation, and statutory notice penalties, based on Defendants' violations of the New York Labor Law ("NYLL" or "N.Y. Lab. Law"), and corresponding rules and regulations.

3.      Throughout the period relevant to the claims asserted herein, Plaintiff Muktha Bagum was employed by Defendants as a server, stocker, cleaner, and cashier (a "restaurant worker") at Shaheen Restaurant.

4.      Defendants paid Plaintiff Muktha Bagum and her similarly situated coworkers below the statutory minimum wage rate for all the hours she worked.

5.      Defendants required Plaintiff Muktha Bagum and her similarly situated coworkers to work over 40 hours per week without overtime compensation.

6.      Defendants required Plaintiff Muktha Bagum to work over 10 hours per day and failed to provide her with spread of hours pay.

7.      Plaintiff Muktha Bagum brings this action individually and on behalf of other similarly situated current and former restaurant workers who elect to opt in to this action pursuant to the FLSA's collective action provision, 29 U.S.C. § 216(b), to remedy Defendants' violations of the FLSA's minimum wage and overtime requirements.  At the earliest time possible, Plaintiff Muktha Bagum seeks permission to give notice of this action under 29 U.S.C. § 216(b) to all persons who are presently, or have at any time during the three years immediately preceding the filing of this action, worked for Defendants as a restaurant worker.

8.      Plaintiff Muktha Bagum ended her employment with Defendants after Defendants Zishan Hameed and Omar Zia confined her at Shaheen Restaurant for approximately six hours, during which time they, among other things, leveled threats against her, searched her possessions, demanded that she provide them with her credit card information, and demanded that she obtain a $50,000 bank loan and remit all the loan proceeds to Defendants. As a result of Defendants' actions, Plaintiff Muktha Bagum required medical treatment.  To this day, Plaintiff

Muktha Bagum continues receiving treatment in connection with symptoms Defendants' torment precipitated.

9.     In addition to her wage-and-hour claims, Plaintiff Muktha Bagum brings this action to seek recovery of damages from Defendants for false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress.

## JURISDICTION & VENUE

10.     Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337.

11.     This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

12.     Defendants operate in Nassau County and maintain their principal place of business at 255 South Broadway, Hicksville, New York 11801.

13.     Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

### *Plaintiff Muktha Bagum*

14.     Plaintiff Muktha Bagum is a resident of the County of Queens, State of New York.

15.     Plaintiff Muktha Bagum is not proficient in English.

16.     Plaintiff Muktha Bagum's native language is Bengali.

17.     At all times relevant to the Complaint, Plaintiff Muktha Bagum was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

18. At all times relevant, Plaintiff Muktha Bagum was employed by Defendants as a restaurant worker.

19. At all times relevant, Plaintiff Muktha Bagum was not paid the legally required minimum wage by Defendants.

20. At all times relevant, Plaintiff Muktha Bagum worked approximately 60 hours per week for Defendants.

21. At all times relevant, Plaintiff Muktha Bagum did not receive overtime compensation for time worked over 40 hours per week from Defendants.

22. At all times relevant, Plaintiff Muktha Bagum did not receive spread of hours pay.

23. At all times relevant, Plaintiff Muktha Bagum did not receive proper wage notices as required by law.

24. At all times relevant, Plaintiff Muktha Bagum did not receive proper wage statements as required by law.

25. Plaintiff Muktha Bagum has consented to bring these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

### *Defendant Shaheen Restaurant*

26. Upon information and belief, Defendant Shaheen Restaurant was and still is a domestic corporation, authorized to do business pursuant to the laws of the State of New York.

27. Upon information and belief, Defendant Shaheen Restaurant's principal place of business is located at 255 South Broadway, Hicksville, New York 11801.

28. Upon information and belief, Defendant Shaheen Cafe, Inc. does business as Shaheen Restaurant.

4

29.     At all times hereinafter mentioned, Defendant Shaheen Restaurant was and still is an "employer" as defined by the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

30.     At all times hereinafter mentioned, the activities of Defendant Shaheen Restaurant constituted an "enterprise" as defined by the FLSA, 29 U.S.C. §§ 203(r) & (s).

31.     Upon information and belief, Defendant Shaheen Restaurant maintains control, oversight, and direction over its operations and employment practices.

32.     At all times hereinafter mentioned, Defendant Shaheen Restaurant employed employees, including Plaintiff Muktha Bagum, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce as defined by the FLSA, 29 U.S.C. §§ 203(b), (g), (i), (j), (r) & (s).

33.     Defendant Shaheen Restaurant's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

*Defendant Zishan Hamid*

34.     Upon information and belief, and at all times hereinafter mentioned, Defendant Zishan Hamid owns and/or operates Defendant Shaheen Restaurant.

35.     Upon information and belief, and at all times hereinafter mentioned, Defendant Zishan Hamid is the President of Defendant Shaheen Restaurant.

36.     Upon information and belief, and at all times hereinafter mentioned, Defendant Zishan Hamid is the Vice-President of Defendant Shaheen Restaurant.

37.     Upon information and belief, and at all times hereinafter mentioned, Defendant Zishan Hamid is a shareholder of Defendant Shaheen Restaurant.

38.     Upon information and belief, and at all times hereinafter mentioned, Defendant Zishan Hamid is a corporate officer of Defendant Shaheen Restaurant.

39.     Upon information and belief, and at all times hereinafter mentioned, Defendant Zishan Hamid is the Chief Executive Officer of Defendant Shaheen Restaurant.

40.     Upon information and belief, and at all times hereinafter mentioned, Defendant Zishan Hamid is an agent of Defendant Shaheen Restaurant.

41.     Upon information and belief, and at all times hereinafter mentioned, Defendant Zishan Hamid has the authority over personnel decisions for Defendant Shaheen Restaurant.

42.     Upon information and belief, and at all times hereinafter mentioned, Defendant Zishan Hamid has the authority over payroll decisions for Defendant Shaheen Restaurant.

43.     Upon information and belief, and at all times hereinafter mentioned, Zishan Hamid supervises employees of Shaheen Restaurant.

44.     Upon information and belief, and at all times hereinafter mentioned, Defendant Zishan Hamid has the authority to hire and fire employees for Defendant Shaheen Restaurant.

45.     Defendant Zishan Hamid has the power to make binding decisions for Defendant Shaheen Restaurant.

46.     Defendant Zishan Hamid has the power to transfer the assets or liabilities of Defendant Shaheen Restaurant.

47.     Defendant Zishan Hamid has the power to declare bankruptcy on behalf of Defendant Shaheen Restaurant.

48.     Defendant Zishan Hamid has the power to enter into contracts on behalf of Defendant Shaheen Restaurant.

49.     At all times hereinafter mentioned, Defendant Zishan Hamid was and still is an "employer" as defined by the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

***Defendant Omar Zia***

50.     Upon information and belief, and at all times hereinafter mentioned, Defendant Omar Zia owns and/or operates Shaheen Restaurant.

51.     Upon information and belief, and at all times hereinafter mentioned, Defendant Omar Zia is the President of Shaheen Restaurant.

52.     Upon information and belief, and at all times hereinafter mentioned, Defendant Omar Zia is the Vice-President of Shaheen Restaurant.

53.     Upon information and belief, and at all times hereinafter mentioned, Defendant Omar Zia is a shareholder of Shaheen Restaurant.

54.     Upon information and belief, and at all times hereinafter mentioned, Defendant Omar Zia is a corporate officer of Shaheen Restaurant.

55.     Upon information and belief, and at all times hereinafter mentioned, Defendant Omar Zia is the Chief Executive Officer of Shaheen Restaurant.

56.     Upon information and belief, and at all times hereinafter mentioned, Defendant Omar Zia is an agent of Defendant Shaheen Restaurant.

57.     Upon information and belief, and at all times hereinafter mentioned, Defendant Omar Zia has the authority over personnel decisions for Defendant Shaheen Restaurant.

58.     Upon information and belief, and at all times hereinafter mentioned, Defendant Omar Zia has the authority over payroll decisions for Defendant Shaheen Restaurant.

59.     Upon information and belief, and at all times hereinafter mentioned, Defendant Omar Zia supervises employees of Defendant Shaheen Restaurant.

60. Upon information and belief, and at all times hereinafter mentioned, Defendant Omar Zia has the authority to hire and fire employees for Defendant Shaheen Restaurant.

61. Defendant Omar Zia has the power to make binding decisions for Defendant Shaheen Restaurant.

62. Defendant Omar Zia has the power to transfer the assets or liabilities of Defendant Shaheen Restaurant.

63. Defendant Omar Zia has the power to declare bankruptcy on behalf of Shaheen Restaurant.

64. Defendant Omar Zia has the power to enter into contracts on behalf of Defendant Shaheen Restaurant.

65. At all times hereinafter mentioned, Defendant Omar Zia was and still is an "employer" as defined by the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

## FLSA COLLECTIVE ACTION CLAIMS

66. Upon information and belief, there are approximately more than 10 current and former restaurant workers that are similarly situated to Plaintiff Muktha Bagum who were denied minimum wage and overtime compensation by Defendants.

67. Plaintiff Muktha Bagum brings the First and Third Causes of Action individually and on behalf of all other similarly situated persons who work or have worked for Defendants as restaurant workers within three years preceding the filing of the Complaint and elect to opt in to this action.

68. As the class representative, Plaintiff Muktha Bagum seeks to have this suit proceed as a FLSA collective action with respect to the First and Third Causes of Action,

pursuant to 29 U.S.C. § 216(b), on her own behalf and those of the following sub-classes of persons:

    a.    All restaurant workers who are currently or have been employed by Defendants at Shaheen Restaurant and were paid less than the regular hourly minimum wage at any time during the three years prior to the filing of their respective consent forms (hereinafter, the "FLSA Minimum Wage Collective"); and

    b.    All restaurant workers who are currently or have been employed by Defendants at Shaheen Restaurant and worked more than 40 hours per week, at any time during the three years prior to the filing of their respective consent forms (hereinafter, the "FLSA Overtime Collective").

69.    The FLSA Minimum Wage Collective and the FLSA Overtime Collective are readily identifiable and locatable through use of the Defendants' records. The FLSA Minimum Wage Collective and the FLSA Overtime Collective should be notified of and allowed to opt in to this action, as provided under 29 U.S.C. § 216(b). Unless the Court promptly approves the issuance of such a notice, the FLSA Minimum Wage Collective and the FLSA Overtime Collective, who have been unlawfully deprived of their wages in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

## PLAINTIFF'S FACTUAL ALLEGATIONS

### *Plaintiff Muktha Bagum*

70.    Plaintiff Muktha Bagum was an employee of Defendants, and worked under the direct supervision of Defendants Zishan Hameed and Omar Zia.

71.    Plaintiff Muktha Bagum was employed by Defendants from approximately 2000 until about February 16, 2016.

72.    Throughout Plaintiff Muktha Bagum's employment with Defendants, Defendants paid her less than the legal minimum wage.

73.     At all times hereinafter mentioned, Plaintiff Muktha Bagum was required to be paid overtime at the statutory rate of one and one-half times her regular hourly rate of pay for all hours she worked in excess of 40 in a workweek.

74.     During most workweeks throughout Plaintiff Muktha Bagum's employment with Defendants, she worked more than 40 hours per week.

75.     Plaintiff Muktha Bagum routinely worked 6 days per week, from approximately 11:00 a.m. until approximately 9:00 p.m., Tuesday through Sunday.

76.     Aside from a three-week period in 2014, Plaintiff Muktha Bagum worked approximately 60 hours per week and during all workweeks throughout 2010, 2011, 2012, 2013, 2014, 2015 and until the end of her employment with Defendants in February 2016.

77.     Defendants consistently paid Plaintiff Muktha Bagum $350 per week, in cash, throughout her employment with Defendants, including the periods relevant to the claims asserted herein.

78.     Defendants failed to properly compensate Plaintiff Muktha Bagum for time worked in excess of 40 hours per week at a rate of at least one and one-half times her regular hourly wage rate, throughout the entire term of her employment with Defendants.

79.     Throughout her employment with Defendants, Plaintiff Muktha Bagum regularly worked a spread of more than 10 hours in a workday.

80.     Defendants failed to compensate Plaintiff Muktha Bagum by paying her an additional amount of at least one hour at the minimum wage rate for each day she worked in excess of 10 hours in a workday.

81.     Defendants failed to furnish Plaintiff Muktha Bagum with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid each workweek.

82.     Defendants failed to furnish Plaintiff Muktha Bagum with a wage notice in 2012 through the end of her employment in February 2016, as was required by the NYLL.

83.     Upon information and belief, Defendants did not keep accurate records of the hours Plaintiff Muktha Bagum worked.

84.     Upon information and belief, Defendants did not keep accurate records of the wages they paid to Plaintiff Muktha Bagum.

85.     On approximately February 16, 2016, Defendants Zishan Hamid and Omar Zia confined Plaintiff Muktha Bagum in their office at Shaheen Restaurant for approximately four hours and then locked her in Defendants' changing room for an additional two hours.

86.     While Defendants Zishan Hamid and Omar Zia confined Plaintiff Muktha Bagum in their office, they forced her to sign one document written in English.  Defendants Zishan Hameed and Omar Zia later forced Plaintiff Muktha Bagum to sign two other documents, which were also written in English, when they confined her in the employee changing room.

87.     Upon information and belief, one of the documents that Defendants demanded Plaintiff Muktha Bagum sign stated that she had stolen $50,000 from Defendants.

88.     At first, while confined in Defendants' office, Plaintiff Muktha Bagum denied that she had stolen from Defendants, refused to sign the documents, and attempted to leave Defendants' office on multiple occasions.

89.     Defendant Omar Zia then locked the office door, stood in front of it, and denied Plaintiff Muktha Bagum's requests to leave the office.

90.     Defendants forced Plaintiff Muktha Bagum to stay in the office while they made several threats against her.

91.     While Plaintiff Muktha Bagum was confined in Defendants' office, Defendants Zishan Hamid and Omar Zia rifled through Plaintiff Muktha Bagum's jacket pockets, looked through the contacts stored on her cellular phone and demanded to see her identification card.

92.     Defendants attempted to force Plaintiff Muktha Bagum to provide them with a credit card and when she refused, Defendants warned Plaintiff Muktha Bagum that he has family members in the New York Police Department and Federal Bureau of Investigation, and that officers would be watching her and possibly arrest her.

93.     Upon information and belief, Defendants demanded that Plaintiff Muktha Bagum take out a bank loan for $50,000 and give Defendants the loan proceeds. Plaintiff Muktha Bagum refused, and Defendants again threatened her.

94.     During this time, Defendants demanded that Plaintiff Muktha Bagum hand them her jewelry so that they could sell it and keep the money. Plaintiff Muktha Bagum refused, and Defendants threatened her.

95.     After approximately four hours of being confined by Defendants in their office, Plaintiff Muktha Bagum relented to Defendants' demands to sign a document, which according to Defendants, included a statement to the effect that Plaintiff Muktha Bagum has to pay Defendants $50,000.

96.     Defendants still did not permit Plaintiff to leave after she signed the document. Instead, Defendant Zishan Hamid took Plaintiff Muktha Bagum to Defendants' changing room in Shaheen Restaurant, and continued to confine her there for approximately another two hours.

97. Defendants told Plaintiff Muktha Bagum that they would not release her until she had signed the two other documents they presented to her and provided Defendants with her date of birth and other personal identifying information.

98. Upon information and belief, one of the documents stated that Plaintiff Muktha Bagum was paid all of her wages and was not owed any salary.

99. Plaintiff Muktha Bagum does not have knowledge of the contents of the second document Defendants presented to her, however, upon information and belief, Defendants forced her to sign a blank page that was attached to the document.

100. Plaintiff Muktha Bagum protested that she was too upset to read the documents, that she is not proficient in English, and that she did not understand the contents of the documents.

101. During this time, Plaintiff Muktha Bagum felt fear for her life and asked Defendants if they intended to kill her. Defendant Zia responded to Plaintiff Muktha Bagum that no one would care if he shot her. During this time, Defendants also told Plaintiff Muktha Bagum that she would have to return to work for Defendants and have deductions taken from her wages to pay off the amount that Defendants' alleged she stole.

102. Defendants deprived Plaintiff Muktha Bagum of food while they falsely imprisoned her, causing her to have hypoglycemia due to her pre-existing diabetes.

103. Although Plaintiff Muktha Bagum was shaking due to her hypoglycemia, Defendants refused to let her leave, instead only bringing her a beverage and continuing to demand that she take out a bank loan or provide them with a credit card number.

104. After six hours of confinement, Defendants released Plaintiff Muktha Bagum.

105. Defendants refused Plaintiff Muktha Bagum's requests for copies of the documents that she signed.

106. After Defendants released Plaintiff Muktha Bagum from confinement, she was hospitalized due to the trauma and emotional distress she suffered as a result of Defendants' unlawful acts toward her.

107. On February 17, Defendant Zishan Hamid called Plaintiff Muktha Bagum on her cellular telephone. Plaintiff Muktha Bagum was still hospitalized at this time. Defendant Zishan Hamid demanded that Plaintiff Muktha Bagum report for work and reiterated that Defendants would be deducting all of her wages until they effectively collected $50,000 from her.

108. Plaintiff Muktha Bagum did not return to work for Defendants after February 16, 2016, as a result of Defendants' unlawful acts toward her.

109. To date, Plaintiff Muktha Bagum continues undergoing treatment in connection with the physical harms caused by Defendants' unlawful acts toward her.

110. On February 26, 2016, Plaintiff Muktha Bagum reported Defendants' unlawful acts to the Nassau County Police Department, Police Report No. 2016CR306770.

111. Upon information and belief, Defendants falsely accused Plaintiff Muktha Bagum of a felony to the Nassau County Police Department, Case No. 2016NA007612, for an event that allegedly occurred on March 16, 2016.

112. On April 5, 2016, Plaintiff Muktha Bagum was arrested as a result of Defendants' false accusations against her and currently has criminal charges pending against her due to Defendants' false accusations. This case is currently pending in the Nassau County Criminal Court.

## FIRST CAUSE OF ACTION
## FLSA – Unpaid Minimum Wages
## (Brought on behalf of Plaintiff Muktha Bagum and the FLSA Collective)

113.    Plaintiff Muktha Bagum, on behalf of herself and the FLSA Collective, realleges and incorporates by reference all allegations in all preceding paragraphs.

114.    Defendants have engaged in a widespread pattern, policy and practice of violating the FLSA as detailed in this Collective Action Complaint.

115.    At all relevant times the Defendants have been and continue to be an employer engaged in interstate commerce and or in the production of good for commerce within the meaning of FLSA, 29 U.S.C. §203.

116.    At all relevant times, Defendants employed "employee[s]" including Plaintiff Muktha Bagum and the FLSA Minimum Wage Collective.

117.    Defendants were required to pay Plaintiff Muktha Bagum and the members of the FLSA Minimum Wage Collective at the applicable New York State minimum wage rate for all hours worked.

118.     Defendants willfully failed to pay Plaintiff Muktha Bagum and the members of the FLSA Minimum Wage Collective the minimum wage that they are entitled to receive.

119.    Defendants required Plaintiff Muktha Bagum and members of the FLSA Minimum Wage Collective to work for wages well below the legally required minimum wage.

120.    Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.  Defendants are aware or should have been aware that the practices described in this Collective Action Complaint were unlawful.

121. Defendants did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff Muktha Bagum and the FLSA Minimum Wage Collective.

122. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

123. Plaintiff Muktha Bagum has expressed her consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

124. As a consequence of the willful underpayment of wages, alleged above, Plaintiff Muktha Bagum and the members of the FLSA Minimum Wage Collective have suffered damages by being denied minimum wage in accordance with the FLSA, in amounts to be determined at trial and are entitled to recovery of such amounts, liquidated damages, together with prejudgment interest, liquidated damages, attorneys' fees, and costs and other compensation pursuant to 29 USC §§ 201 et seq.

## SECOND CAUSE OF ACTION
### NYLL – Unpaid Minimum Wage
**(Brought on behalf of Plaintiff Muktha Bagum)**

125. Plaintiff Muktha Bagum realleges and incorporate by reference all allegations in all preceding paragraphs.

126. Defendants have engaged in a widespread pattern, policy and practice of violating the NYLL as detailed in this Collective Action Complaint.

127. At all relevant times Plaintiff Muktha Bagum was an employee of the Defendants.

128. At all relevant times Defendants were and continue to be employers of the Plaintiff Muktha Bagum within the meaning of NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

16

129.    At all relevant times Plaintiff Muktha Bagum was covered by the NYLL.

130.    Defendants were required to pay Plaintiff Muktha Bagum at the applicable New York State minimum wage rate for all hours worked.

131.    Defendants willfully failed to pay Plaintiff Muktha Bagum the minimum wage that she is entitled to receive under the NYLL; 12 N.Y.C.R.R. Part 146-1.2.

132.    Defendants were required to pay Plaintiff Muktha Bagum at the full minimum wage rate of $7.25 per hour beginning on July 24, 2009, $8.00 per hour beginning December 31, 2013, $8.75 per hour beginning on December 31, 2014 and $9.00 per hour beginning on December 31, 2015 until the present under NYLL §§650 *et seq*.; 12 N.Y.C.R.R. Part 146-1.2.

133.    Through their knowing or intentional failure to pay the required minimum hourly wage to Plaintiff Muktha Bagum, Defendants willfully violated the NYLL, Article 19 §§ 650 *et seq.* and corresponding New York State Department of Labor regulations.

134.    Due to the Defendants' willful violations of the NYLL, Plaintiff Muktha Bagum is entitled to recover from the Defendants her unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**FLSA – Failure to Pay Overtime**
**(Brought on behalf of Plaintiff Muktha Bagum and the FLSA Collective)**

135.    Plaintiff Muktha Bagum, on behalf of herself and the FLSA Overtime Collective, realleges and incorporates by reference all allegations in all preceding paragraphs.

136.    Plaintiff Muktha Bagum and the members of the FLSA Overtime Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

137.     Defendants employed Plaintiff Muktha Bagum and the members of the FLSA Overtime Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiff Muktha Bagum for the time worked in excess of 40 hours per week, at a rate of at least one and one-half times her regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

138.     Defendants failed to keep accurate records of time worked by Plaintiff Muktha Bagum and the members of the FLSA Overtime Collective.

139.     Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.

140.     Defendants did not make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiff Muktha Bagum and the FLSA Overtime Collective.

141.     Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

142.     Plaintiff Muktha Bagum expressed her consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

143.     As a consequence of the willful underpayment of wages, alleged above, Plaintiff Muktha Bagum and the members of the FLSA Overtime Collective have incurred damages thereby and Defendants are indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## NYLL – Failure to Pay Overtime
### (Brought on Behalf of Plaintiff Muktha Bagum)

144.    Plaintiff Muktha Bagum realleges and incorporates by reference all allegations in all preceding paragraphs.

145.    Defendants employed Plaintiff Muktha Bagum for workweeks longer than 40 hours and willfully failed to compensate Plaintiff Muktha Bagum for the time worked in excess of 40 hours per week, at a rate of at least one and one-half times her regular hourly rate, in violation of the requirements of NYLL.

146.    By the course of conduct set forth above, Defendants violated N.Y. Lab. Law § 650 *et seq.*; 12 N.Y.C.R.R. § 146-1.4 *et seq.*

147.    Defendants failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff Muktha Bagum.

148.    Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff Muktha Bagum.

149.    Defendants' failure to pay overtime compensation to Plaintiff Muktha Bagum was willful within the meaning of N.Y. Lab. Law § 663.

150.    As a consequence of the willful underpayment of wages, alleged above, Plaintiff Muktha Bagum has incurred damages thereby and Defendants are indebted to her in the amount of the unpaid overtime compensation and such other legal and equitable relief due to Defendants' unlawful and willful conduct, as the Court deems just and proper.

151.    Plaintiff Muktha Bagum seeks recovery of liquidated damages, attorneys' fees, interest, and costs to be paid by Defendants as provided by the NYLL.

## FIFTH CAUSE OF ACTION
### NYLL – Failure to Pay Spread of Hours Wage
### (Brought on Behalf of Plaintiff Muktha Bagum)

152.    Plaintiff Muktha Bagum realleges and incorporates by reference all allegations in all preceding paragraphs.

153.    Defendants failed to pay Plaintiff Muktha Bagum one additional hour pay at the minimum wage rate for each day the spread of hours exceeded ten hours, in violation of N.Y. Lab. Law §§ 190, *et seq.* & 650, *et seq.*, as codified by 12 N.Y.C.R.R. § 146-1.6.

154.    Defendants failed to pay Plaintiff Muktha Bagum such wages in a timely fashion, as required by Article 6 of the NYLL.

155.    Defendants' failure to pay Plaintiff Muktha Bagum an additional hour pay for each day the spread of hours exceeded ten was willful within the meaning of N.Y. Lab. Law § 663.

156.    As a consequence of the willful underpayment of wages, alleged above, Plaintiff Muktha Bagum has incurred damages thereby and Defendants are indebted to her in the amount of the unpaid spread of hours compensation and such other legal and equitable relief due to Defendants' unlawful and willful conduct, as the Court deems just and proper.

157.    Plaintiff Muktha Bagum seeks recovery of liquidated damages, attorneys' fees, interest, and costs to be paid by Defendants as provided by the NYLL.

## SIXTH CAUSE OF ACTION
### NYLL – Violation of Notice and Record Keeping Requirements
### (Brought on Behalf of Plaintiff Muktha Bagum)

158.    Plaintiff Muktha Bagum realleges and incorporates by reference all allegations in all preceding paragraphs

159.     Defendants failed to supply Plaintiff Muktha Bagum with a notice as required by N.Y. Lab. Law § 195, in English or in the language identified by Plaintiff Muktha Bagum as her primary language, containing her rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

160.     Defendants failed to supply Plaintiff Muktha Bagum with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

161.     Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendants failed to provide a proper wage notice from April 9, 2011 through February 26, 2015, Plaintiff Muktha Bagum is entitled to damages of $50, or a total maximum of $2,500, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

162.     Due to Defendants' violations of N.Y. Lab. Law § 195, for each day that Defendants failed to provide a proper wage notice at the time of hiring from February 26, 2015

through the present, Plaintiff Muktha Bagum is entitled to damages of $100, or a total maximum of $5,000, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

163. Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendants failed to provide a proper wage statement from April 9, 2011 through February 26, 2015, Plaintiff Muktha Bagum is entitled to damages of $100, or a total maximum of $2,500, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

164. Due to Defendants' violations of N.Y. Lab. Law § 195, for each workday that Defendants failed to provide a proper wage statement from February 26, 2015 through the present, Plaintiff Muktha Bagum is entitled to damages of $250, or a total maximum of $5,000, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

### SEVENTH CAUSE OF ACTION
**Common Law False Imprisonment**
**(Brought on behalf of Plaintiff Muktha Bagum)**

165. Plaintiff Muktha Bagum repeats and realleges all allegations in all preceding paragraphs.

166. Defendants intended to confine Plaintiff Muktha Bagum.

167. On February 16, 2016, Defendant Omar Zia stood in front of the door and would not allow Plaintiff Muktha Bagum to leave the office for approximately four hours.

168. Plaintiff Muktha Bagum was conscious of the confinement, she attempted to leave, and Defendant Omar Zia locked the office door and blocked her path and Defendants Zia and Hamid threatened her with violence.

169. Defendant Zishan Hamid brought Plaintiff Muktha Bagum to Defendants' changing room and he and Defendant Omar Zia refused to allow her to leave the changing room for an additional two hours.

170. Plaintiff Muktha Bagum was confined by the Defendants for approximately six hours.

171. Plaintiff Muktha Bagum did not consent to the confinement, and was held against her will by Defendants.

172. Plaintiff Muktha Bagum's confinement by Defendants was not otherwise privileged.

173. Defendants are liable for the false imprisonment of Plaintiff Muktha Bagum.

174. As a result thereof, Plaintiff Muktha Bagum is entitled to a judgment of $500,000.

**EIGHTH CAUSE OF ACTION**
**Common Law Intentional Infliction of Emotional Distress**
**(Brought on behalf of Plaintiff Muktha Bagum)**

175. Plaintiff Muktha Bagum repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

176. Defendants' conduct in threatening and falsely imprisoning Plaintiff Muktha Muktha Bagum was outrageous, shocking, and exceeded all reasonable bounds of decency.

177. Defendants' conduct evinces their intention to cause Plaintiff Muktha Bagum emotional distress in an effort to coerce her into agreeing to give them money or a means of obtaining money.

178. Plaintiff Muktha Bagum required hospitalization on the same date of Defendants' acts.

179. Defendants' acts caused Plaintiff Muktha Bagum severe emotional distress.

23

180. Defendants are liable for intentional infliction of emotional distress to Plaintiff Muktha Bagum.

181. As a result thereof, Plaintiff Muktha Bagum is entitled to judgment in the amount of $500,000.

**NINTH CAUSE OF ACTION**
**Common Law Negligent Infliction of Emotional Distress**
**(Brought on behalf of Plaintiff Muktha Bagum)**

182. Plaintiff Muktha Bagum repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

183. Defendants' conduct, in threatening and falsely imprisoning Plaintiff Muktha Bagum was careless and negligent as to the physical and emotional health of Plaintiff Muktha Bagum.

184. Defendants are liable for negligent infliction of emotional distress to Plaintiff Muktha Bagum.

185. As a result thereof, Plaintiff Muktha Bagum is entitled to judgment in the amount of $500,000.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Muktha Bagum, individually and on behalf of herself and all others similarly situated, seek the following relief:

A. Designation that of this action as a collective action on behalf of the FLSA Minimum Wage Collective and the FLSA Overtime Collective Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims and state claims in this action by filing an individual Consent to Sue form pursuant to 29 U.S.C. § 216(b);

B.     Unpaid minimum wage and an additional and equal amount as liquidated damages pursuant to the FLSA and the corresponding United States Department of Labor regulations;

C.     Unpaid minimum wage pursuant and liquidated damages permitted by law pursuant to NYLL and the corresponding Minimum Wage Order;

D.     Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

E.     Liquidated damages relating to lost wages, as provided for by FLSA § 216(b) and the NYLL;

F.     Reasonable incentive award for Plaintiff Muktha Bagum to compensate her for the time spent attempting to recover wages for the Collective Class and for the risks she took in doing so;

G.      Unpaid spread of hours pay pursuant to the NYLL and the supporting Minimum Wage Orders;

H.     Statutory damages, as provided for by N.Y. Lab. Law § 198, for Defendants' violations of the notice and recordkeeping requirements pursuant to N.Y. Lab. Law § 195;

I.     Statutory penalties for each workweek Defendants failed to provide Plaintiff Muktha Bagum with a wage notice during the period from April 9, 2011, through February 26, 2015, Plaintiff Muktha Bagum is entitled to of $50, or a maximum total of $2,500, reasonable attorneys' fees, costs and injunctive and declaratory relief as provided for by of NYLL Article 6 § 198;

J.     Statutory penalties for each day that Defendants failed to provide a proper wage notice from February 27, 2015, through the present, Plaintiff Muktha Bagum is entitled to

25

statutory penalties of $50, or a total maximum of $5,000, reasonable attorneys' fees, costs and injunctive and declaratory relief as provided for by of NYLL Article 6 § 198;

K.      Statutory penalties for each workweek that Defendants failed to provide a proper wage statement during the period from April 9, 2011, through February 26, 2015, Plaintiff Muktha Bagum is entitled to damages of $100 for each workweek, or a total maximum of $2,500, as provided for by NYLL § 198;

L.      Statutory penalties for each day that Defendants failed to provide a proper wage statement from February 28, 2015, through the present, Plaintiff Muktha Bagum is entitled to $250 per day or a total maximum of $5,000, as provided for by NYLL § 198;

M.      Pre-judgment interest and post-judgment interest as provided by law;

N.      Issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Law § 190, *et seq*.;

O.      An injunction requiring Defendants to cease the unlawful activity described herein pursuant to N.Y. Lab. Law § 190, *et seq*.;

P.      On the claim for false imprisonment a judgment in the amount of $500,000;

Q.      On the claim for intentional infliction of emotional distress a judgment in the amount of $500,000;

R.      On the claim for negligent infliction of emotional distress a judgment in the amount of $500,000;

S.      Plaintiff Muktha Bagum demands an additional sum of punitive damages against each Defendant to be determined at the trial of this action;

T.      Reasonable attorneys' fees and costs of the action; and

U.      Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: Melville, New York
       February 7, 2017

             Respectfully submitted,

             SHULMAN KESSLER LLP

             By:    */s/ Troy L. Kessler*
                  Troy L. Kessler
                  Tana Forrester
             534 Broadhollow Road, Suite 275
             Melville, New York 11747
             (631) 499-9100

             URBAN JUSTICE CENTER

             By: */s/David Ureña*
                  David Ureña
             123 William Street, 16th Floor
             New York, New York 10039
             (646) 459-3037

             *Attorneys for Plaintiff and the
Putative FLSA Collective*